IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA D. FRENCH,

    Petitioner,

v.                                        CIV 09-0894 RB/CG

ARLENE HICKSON, Warden,
and GARY KING, Attorney
General for the State of New Mexico,

    Respondents.

# ORDER FOR SUPPLEMENTATION

    In this habeas action under 28 U.S.C. § 2254, Petitioner Melissa French raises a total of a dozen claims. Because she filed her federal petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008).

    The underlying criminal case resulted after Petitioner and several relatives or friends decided to seek retribution afer Petitioner was robbed. They formed a sort of posse and drove to the victim's house, where certain members of the group beat the victim while others held the victim's roommate at bay. Petitioner was acquitted of some charges, convicted of others and, evidently, has spent more time incarcerated than have some codefendants. *See, e.g., Doc. 9-2* at 50-52; *Doc. 9-3* at 60-65.

Despite using the label "abuse of discretion" for one of her first two "claims," Petitioner is raising nine claims of ineffective assistance of counsel. She asserts that counsel failed to:

1. file "proper" motion for directed verdict (based on a witness not appearing to testify, *Doc. 1* at 6, 9;

2. inform her about plea bargains that were offered, *id.* at 6;

3. object to introduction of bloody and prejudicial photos, *id.*;

4. "investigate" and provide defense witnesses, *id.*;

5. "investigate" and introduce a photo of a door showing no damage, *id.*

6. prepare for trial by "asking for a debriefing or deposition once the plea bargains were excepted (sic) and signed by all co-defendants," *id.*;

7. request fingerprinting of the weapons used, *id.*;

8. impeach State witness Joey Eicher with his pre-trial letter to the trial judge, *id.* at 7; and

9. impeach Mr. Eicher with his grand jury testimony, *id.*

Although Claim "three" is labeled "prosecutorial misconduct," it asserts that the trial judge erred by:

10. denying her motion to reconsider sentence, *see id.* at 4, 19;

11. denying trial counsel's motion for a directed verdict based insufficiency of the evidence as to kidnapping, *id.* at 9; and

12. denying trial counsel's motion for a new trial, *id.*

I have carefully reviewed the federal record as it presently stands. Other than the overview above, the documents do not describe the testimony and other details sufficiently. Also, Petitioner was represented by counsel in postconviction proceedings

and an evidentiary hearing was conducted where trial counsel testified, yet, there are no other details about what transpired at the hearing.  *See Doc. 9-4* at 6; *Doc. 9-5* at 57.  Furthermore, only one of the claims has been briefed in any meaningful way in the state courts.  Of the dozen claims, eleven of them were first raised in a *pro se* petition for certiorari to the New Mexico Supreme Court after denial of state postconviction relief.  *See Doc. 9-3* at 33, 45; *Doc. 9-4* at 6-9, 12-13.  The trial judge denied relief stating in full:  "Petitioner has failed to demonstrate ineffective assistance of counsel."  *Doc. 9-3* at 66.  The New Mexico Supreme Court similarly held that "the Petition for Writ of Certiorari is denied."  *Doc. 9-5* at 45.

Although cursory, these conclusions are entitled to AEDPA deference.  *E.g., Sandoval v. Ulibarri,* 548 F.3d 902, 908-09 (10th Cir. 2008), *cert. denied,* 130 S. Ct. 133 (2009).  To satisfy the exhaustion requirement, Petitioner is obligated to present them to the New Mexico Supreme Court.  *See O'Sullivan v. Boerckel,* 526 US. 838, 838 (1999).  Because the New Mexico Supreme Court did not deny certiorari on any procedural ground this Court will not find one, particularly where Respondents do not raise the issue in their Answer. [1]

---

[1] *See Cone v. Bell,* ___ U.S. ___, 129 S. Ct. 1769, 1791, n.6 (2009) (Alito, J. concurring in part and dissenting in part) ("Unlike exhaustion, procedural default may be waived if it is not raised as a defense.") (citing *Banks v. Dretke,* 540 U.S. 668, 705 (2004) which in turn notes that under "under pre-AEDPA law, exhaustion and procedural default defenses could be waived based on the State's litigation conduct" and citing *Gray v. Netherland,* 518 U.S. 152, 166 (1996) for the proposition that "failure to raise procedural default in federal habeas court means the defense is lost"); *Jackson v. Shanks,* 143 F.3d 1313, 1319 (10th Cir.) ("We are not inclined to rely on a state procedural rule that the New Mexico courts did not rely upon."), *cert. denied,* 525 U.S. 950 (1998); Rule 5(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS  ("The answer must address the allegations in the petition.  In addition, ***it must state*** whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.") (emphasis added).  Thus, the best alternative in the absence of binding authority to the contrary, is for this Court to consider the

I find I cannot conduct the appropriate review of Petitioner's claims without additional supplementation of the federal record. I recognize that the age of the criminal case may make it difficult to compile the records, so I will give Respondents ample time to do so. *See* Rules 5(b)-(c), 7(a)-(c), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Wherefore,

IT IS HEREBY ORDERED that the federal record be expanded and, by Friday, February 19, 2010. By that date, Respondents shall submit:

(1) the state "record proper" for the district court proceedings;

(2) all transcripts or tapes of pretrial, trial, and post-trial proceedings (if the proceedings are taped, the Court would prefer Respondents to have them transcribed, see Rule 5(c) – "The judge may order that . . . parts of the untranscribed recordings be transcribed and furnished"); and

(3) any pretrial and trial exhibits that are particularly pertinent to resolution of the federal claims including, but not limited to the photographs of the victim and the scene (particularly the victim's injuries and the door), Mr. Eicher's grand jury testimony, and Mr. Eicher's pre-trial letter to the trial judge.

IT IS FURTHER ORDERED that by the same date, either Petitioner or

---

New Mexico Supreme Court's nonprocedural denial of certiorari as being made on the "merits" and entitled to deference.

I also note that, despite the long delay from trial to federal filing, having reviewed the record in detail, I agree with Respondents that the federal petition is timely. *See, e.g., Doc. 9* at 1. Though indicted in November 2002, Petitioner was not sentenced until May 2004. *See Doc. 9* at 5; *Doc. 9-2* at 1-8. The direct appeal concluded in the state courts in January 2005 but, before the conviction became "final," there were overlapping (and eventually consolidated) motions to reconsider sentence under 5-801 and state petitions for habeas relief. These tolled the federal statute for another several years. *See Doc. 9-3* at 13; *see also, e.g., Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir.1999) (for AEDPA statute of limitations purposes under 28 U.S.C. § 2244(d)(1), the state conviction is not deemed "final" until the ninety-day period has run for seeking review in the Supreme Court of the United States), *cert. denied,* 528 U.S. 1084 (2000).

4

Respondents may submit any other materials they wish the Court to consider.

_____
UNITED STATES MAGISTRATE JUDGE