IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA D. FRENCH,

    Petitioner,

v.                                                     CIV 09-0894 RB/CG

A. HICKSON, Warden, et al.,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition on Friday, May 28, 2010. *See Doc. 19.* The proposed findings specifically and prominently notified Petitioner that: "within 14 days of service [she] may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition." *Id.* at 31 (original emphasis omitted); *see also* 28 U.S.C. § 636(b)(1) (". Within fourteen days after being **served** . . .") (emphasis added). Giving Petitioner the benefit of the doubt, the objections appear to be timely. I arrived at that conclusion as follows.

Petitioner is housed in Grants, New Mexico. She does not indicate when she

was served with the proposed findings. Because Monday was Memorial Day, I will assume that the earliest she received them was Tuesday, June 1st. Petitioner's objections bear a date of June 11, 2010. *See Doc. 20* at 3. They arrived in an envelope that bears a postmark from a United States Post Office in Albuquerque, New Mexico. The post office stamp is somewhat smeared, but the date plainly is not June 11th. Instead, it appears to be June 15th or June 16th. *See Doc. 20* at 4. The Court's "received" stamp is likewise smeared, and appears to be either June 16th or June 18th. *See id.* The objections were filed on June 18th. *Id.* at 1.

The "prison mailbox rule" announced by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276 (1988) applies to a prisoner's objections to proposed findings. *See e.g., United States v. Gray,* 182 F.3d 762, 765 n. 4 (10th Cir. 1999) (noting rule has been extended beyond the notice of appeal context in which is arose, to "a variety of other situations" including filing objections) (citing *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989)). The rule provides that a prisoner submission "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot,* 420 F.3d 1158, 1164 (10th Cir. 2005).

There are two ways to invoke the rule. One is by using a prison's mail system that complies with *Houston.* Alternatively, "if a prison lacks a legal mail system, a prisoner must submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *United States v. Ceballos-Martinez,* 387 F.3d 1140, 1145 (10th Cir.), *cert. denied,* 543 U.S. 1005 (2004); *see also Philpot,* 420 F.3d at 1165 (noting that the prison system must log

the mail and that a "regular prison mail" system will not suffice) (citing *United States v. Leonard,* 937 F.2d 494, 495 (10th Cir. 1991), which refused to apply the rule where an inmate used regular prison mail and *United States v. Gray,* 182 F.3d 762, 765 (10th Cir. 1999), which explained that a "legal mail system" automatically logs all legal mail "through relatively simple, straightforward procedures").

However, there are at least two other Tenth Circuit decisions that "liberally" apply the *Houston* rule and "deem" objections filed on the date they were "mailed." One of these decisions equates the date of "mailing" with the date the objections were signed. See *Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Although the petition was not actually file stamped until January 11, 2000, it was signed on December 29, 1999. Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed."), *cert. denied,* 531 U.S. 1194 (2001).[1]

If I apply the *Price* and *Ceballos-Martinez* requirement for use of a legal mail

---

[1] See also *White v. Parker.* 141 Fed. App'x 737, 738 n.1 (10th Cir. 2005) ("The certificate of service, attached to Mr. White's objection, suggests that he signed and relinquished control of the document on December 22, 2004. The objection was mailed on December 29, 2004 . . . We consider the objection to be timely filed under the prisoner mailbox rule. See *Dunn* . . . deeming the mailing date to be the filing date").

The Northern District of Oklahoma notes unpublished Tenth Circuit authority adheres to *Price* and *Ceballos-Martinez* requirement that a prisoner must use the legal mail system or, if none exists, then submit a complying statement. See *United States v. Mack,* 2009 WL 3763728 at * 2 & n. 1 (N.D. Okla. 2009) ("If a prisoner does not document usage of the prison's legal mail system or submit a notarized declaration stating the date on which he deposited the motion to be mailed, he cannot avail himself of the prisoner mailbox rule.") (citing as persuasive *Fogle v. Estep,* 220 Fed. App'x 814, 816 (10th Cir. 2007) and *United States v. Fredette,* 191 Fed. App'x 711, 714 (10th Cir. 2006)). The *Mack* decision distinguished *Marsh* on the ground that there the facts plainly showed the prisoner did not mail the document on the date it was signed. *Id.* at * 3, n.4.

system or, if none exists, then submit a complying statement, then Petitioner cannot avail herself of the prison mailbox rule. Petitioner's objections do not comply with either alternative. Nowhere do her objections indicate that they were submitted through a legal mail system that qualifies under *Houston*. And, although she indicated the date she signed the objections, the remainder of the document does not contain the necessary information to comply with the "statement" requirements. If the prison mailbox rule does not apply, then the date the Court received the objections controls. The earliest date that occurred is June 16th. Assuming Petitioner received the proposed findings on June 1st, receipt by the Court on the 16th falls outside the fourteen-day period. *See* FED. R. CIV. P. 6(a)(1)(A)-(C) (excluding the date of the triggering event – June 1st – and counting every subsequent day regardless of whether it fell on a weekend, the fourteenth day fell on June 15th).

If I apply the more "liberal" line of cases, the objections are timely. That is, assuming Petitioner received the proposed findings on June 1st, and using either the date on the objections (June 11th) or the first discernable "mailing" date from the post office stamp (June 15th), the objections fall within the fourteen-day period. *See id.* (excluding the date of the triggering event – June 1st – and counting every subsequent day regardless of whether it fell on a weekend, the fourteenth day fell on June 15th).

Because it is possible the objections are timely, I have carefully reviewed them *de novo*. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). Petitioner's first objection confuses principal liability as an accessory with the separate crime of conspiracy. Her second objection is that the Magistrate Judge did not consider whether trial counsel's "all or nothing" defense constituted ineffective assistance. That

is not the case. The Magistrate Judge did make a note of that aspect of the case and that the claim was not raised in the federal petition. *See Doc. 19* at 19-20 n. 17. Petitioner's belated attempt to raise the claim in her objections constitutes a waiver. *See, e.g., United States v. Garfinkle,* 261 F.3d 1030, 1032 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Alternatively, I note that the "all or nothing" characterization of trial counsel's strategy came from the trial judge during state post-conviction proceedings. He rejected the assertion that trial counsel was ineffective for not submitting a lesser-included instruction on the kidnapping charges. The Magistrate Judge noted why habeas relief is not available for the claim, and I agree with the Magistrate Judge's analysis on that point. *See Doc. 19* at 19-20 n. 17. Moreover, as reflected in the Magistrate Judge's footnote, this is not a death-penalty case where the Supreme Court's rule in *Beck* would be applicable.[2] Finally, the trial judge's characterization of the defense strategy as "all or nothing" does not afford a basis for relief under *Strickland* or AEDPA standards.[3]

---

[2] *E.g., Smith v. Spisak,* ___ U.S. ___, ___ 130 S. Ct. 676, 690 (Stevens, J., concurring) (in its *Spaziano* decision the Court stated that: "'The goal of the *Beck* rule, in other words, is to eliminate the distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice between capital murder and innocence.'") (quoting *Spaziano v. Florida,* 468 U.S. 447, 455 (1984).

[3] *See e.g., Colon v. Smith,* 723 F. Supp. 1003, 1008 (S.D.N.Y. 1989) ("Even if it would have been proper for the court to charge the lesser offenses, the failure of petitioner's counsel to do so in this case amounted to a tactical choice not rising to the level of ineffective assistance of counsel. . . . Submission of lesser included offenses may give the jury a basis for finding a defendant guilty of a crime where the prosecution was unable to prove the elements of the original crime charged beyond a reasonable doubt. Counsel may have appropriately wished to avoid this possibility and this decision therefore did not constitute ineffective assistance of counsel."); *Anderson v. Prelesnik,* 2010 WL 395907 at ** 28 -29  (W.D. Mich. 2010) ("Petitioner has failed to overcome the presumption that counsel's failure to request a lesser included

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 19)* is ADOPTED;

2. The § 2254 petition is dismissed **with prejudice;** and

3. A final order enter concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE

---

offense instruction for involuntary manslaughter was sound trial strategy. . . . Pursuing an "all-or-nothing" strategy of refusing to request instructions on lesser-included offenses in the hope that a jury may find insufficient evidence to convict Petitioner of the top count of the indictment against him can constitute valid trial strategy on behalf of trial counsel. *See, e.g., Tinsley v. Million,* 399 F.3d 796, 808 (6th Cir. 2005) . . . *Scott v. Elo,* 302 F.3d 598 (6th Cir. 2002) . . . *Lewis v. Russell,* 42 F. App'x 809, 810-11 (6th Cir. 2002) . . . *Edwards v. Mack,* 4 F. App'x 215, 217-18 (6th Cir. 2001) . . . The Michigan Court of Appeals' resolution of this issue was neither contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief on this claim.").